UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DARLENE SEKEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12CV70-PPS/PRC |
| | ) | |
| GRUND & LEAVITT, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Grund & Leavitt, P.C. is an Illinois law firm that represented plaintiff Darlene Sekerez in a child custody matter. They are now at odds with one another and the dispute has swelled into three separate lawsuits as well as an arbitration. Here's the background: Sekerez, a resident of Hebron, Indiana, hired Grund & Leavitt in November of 2007 to defend against her ex-husband's petition to modify custody, which was filed in Lake County, Indiana. That matter was settled in October 2008. Grund & Leavitt's charges totaled $112,439.90, of which Sekerez claims she has paid $50,000. [DE 1, p.2.] Grund & Leavitt says to the contrary, that after tendering a check for $52,000 in payment of a substantially reduced fee, Sekerez placed a stop-payment on the check. [DE 12, pp.1-2.]

That's when things got nasty. On July 31, 2009, Grund & Leavitt filed a complaint against Sekerez in the Circuit Court of Cook County, Illinois asserting claims of breach of contract and quantum meruit. [DE 12-1]. On March 16, 2010, the Illinois judge ordered the matter to be submitted to arbitration. [DE 12-5, pp.1-2.] Grund & Leavitt sought additional assistance from the Illinois court in December 2010 after Sekerez was alleged to be uncooperative in the selection of an arbitrator. [*Id.* at 2.] On March 17, 2011, the Illinois judge

again ordered the parties to submit their dispute to arbitration, to occur in Indiana with Illinois law governing the proceeding. [DE 12-5, p.5.] Thereafter Grund & Leavitt filed claims for breach of contract and quantum meruit against Sekerez with the American Arbitration Association. [DE 1, p.1.] Sekerez counterclaimed for breach of contract, fraud in the inducement and legal malpractice. [*Id.*] After a hearing in Hammond, Indiana, the arbitrator's final award was issued November 9, 2011, ordering Sekerez to pay Grund & Leavitt $49,336.15. [DE 1-1.]

Grund & Leavitt filed a Motion to Confirm Arbitration Award in the Illinois circuit court on November 18, 2011, on which the firm is alleged to have "unilaterally scheduled a hearing date of November 30, 2011." [DE 1, p.1.] Because plaintiff could not get off work to attend the Illinois hearing, she filed an objection to the hearing as well as an objection to the Illinois court's jurisdiction based on her assertion that she retained the firm to provide services in Indiana and all services were in fact provided in Indiana. [*Id.*; DE 12-3, p.2.] The hearing was held nonetheless, and on the same day, the Illinois court entered an order granting Grund & Leavitt's motion to confirm the arbitration award and entered judgment against Sekerez in the amount of $50,348.65. [DE 1, p.2; DE 12-6.]

Sekerez initiated this litigation by filing a Motion to Vacate Arbitration Award [DE 1].[1] The filing in this court was on the heels of a nearly identical filing in state court in Lake County, Indiana. [DE 12-9, p.3.] That case remains pending. [DE 20, p.1; DE 21, p.2.] Sekerez argues that the arbitration award should be vacated because of fraud in its procurement and misconduct

---

[1] Grund & Leavitt asserts that Sekerez filed a Motion to Vacate on February 15 *in Illinois*, but cites to an exhibit that is instead the filing that initiated this case in the U.S. District Court in Indiana. [DE 12, p.3, ¶16.] With no further mention of a pending Motion to Vacate in Illinois, I assume the firm's assertion was in error.

of the arbitrator, and that the Illinois court lacked jurisdiction to confirm the award.  Now the matter is before me on Grund & Leavitt's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1).

Rule 12(b)(1) is invoked to assert the court's lack of subject matter jurisdiction. Grund & Leavitt argues that this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.  *Rooker-Feldman* "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006), quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).  The most straightforward application of the *Rooker-Feldman* doctrine is to cases in which a plaintiff comes to federal court and wants an adverse state court judgment overturned.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The doctrine also will act as a jurisdictional bar to claims brought in federal court that were not raised in state court or do not on their face require review of a state court's decision, but which are "inextricably intertwined" with a state court judgment. *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004).

The arbitration award that Sekerez asks this court to vacate was confirmed on November 30, 2011 by the Circuit Court of Cook County, which ordered judgment entered in favor of Grund & Leavitt accordingly. [DE 12-6.]  Initially the parties appeared to dispute whether that Cook County judgment is presently on appeal to the Illinois Appellate Court, with Sekerez saying that the appeal was dismissed [DE 17, p.5.], but the law firm indicating it is ongoing. [DE 12, p.3; DE 18, p.1.] In supplemental memoranda filed by each party on September 10, 2012 [DE 20 & 21], the parties now agree that the appeal of the Cook County judgment was dismissed for want of prosecution on July 12, 2012, and the dismissal is now final.  If I were to grant Sekerez'

Motion to Vacate Arbitration Award in this case, I would be giving her complete relief from the state court's final judgment. *Rooker-Feldman* plainly applies to bar such an effort.

Were Sekerez represented by an attorney in filing this Motion to Vacate, that counsel might be subject to sanctions under 28 U.S.C. §1927, which applies to any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." For such conduct, a lawyer can be required to pay the attorney's fees and expenses of the opposing party incurred because of the vexatious multiplication of litigation. The Seventh Circuit has in fact found a district court to have erred in *declining* to impose sanctions on counsel who sought confirmation of an arbitration award "in a different court from the one in which the suit giving rise to the arbitration had been pending for three years." *IDS Life Ins. Co. v. Royal Alliance Associates, Inc.*, 266 F.3d 645, 653 (7th Cir. 2001). The *IDS* case is distinguishable from this one because it involved a "far too complicated and absurdly protracted litigation" and did not involve a filing by a litigant representing herself without counsel, but it nonetheless underscores the impropriety of Sekerez's duplicative lawsuits.

ACCORDINGLY:

Defendant Grund & Leavitt, P.C.'s motion to dismiss [DE 11] is GRANTED.

Darlene Sekerez's Motion to Vacate Arbitration Award [DE 1] is DISMISSED for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly.

SO ORDERED.

Entered this 14th day of September, 2012.

                                           /s/ Philip P. Simon
                                          **Philip P. Simon**
                                          **Chief Judge**