UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DARLENE SEKEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12CV70-PPS |
| | ) | |
| GRUND & LEAVITT, P.C. | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Darlene Sekerez, *pro se* plaintiff, has filed a motion under Rule 60(b) requesting reversal of the dismissal of her case. [DE 26.] Defendant Grund & Leavitt, P.C. filed a memorandum in opposition to the motion, and Sekerez has filed no reply. For the reasons stated below, Plaintiff's motion does not meet the standard for relief under Rule 60(b).

## BACKGROUND

Sekerez hired the law firm of Grund & Leavitt to represent her in child custody matters in November 2007. [DE 1 at 2.] The matter was settled in October 2008 and the attorney's fees totaled $112,439.90. *Id.* Sekerez had allegedly paid $50,000 to the firm, but a dispute arose concerning the balance. [DE 1 at 2-3.] Grund then filed a complaint against Sekerez in the Circuit Court of Cook County, Illinois asserting claims of breach of contract and quantum meruit. [DE 12-1.] The Illinois judge ordered the matter to be submitted to arbitration in Indiana with Illinois law governing the proceeding. [DE 12-5 at 1-2, 5.] After the hearing in Hammond, Indiana, the arbitrator's final award was issued November 9, 2011, ordering Sekerez to pay Grund & Leavitt $49,336.15. [DE 1-1.]

On November 18, 2011, Grund and Leavitt filed a Motion to Confirm Arbitration Award in the Illinois Circuit Court. [DE-1 at 1.] A hearing in Illinois was held on November 30, 2011,

where the court granted Grund & Levitt's Motion to Confirm the arbitration award and entered judgment against Sekerez in the amount of $50,348.65. [DE 1at 2; DE 12-6.]

Sekerez, dismayed with the judgment of the Illinois state court, initiated this case in federal court by filing a Motion to Vacate the arbitration award. [DE 1.] Grund then filed a motion to dismiss for lack of jurisdiction. I granted Grund's motion and dismissed the case for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. [DE 22.] *Rooker-Feldman* applies when a plaintiff comes to federal court and wants an adverse state judgment overturned. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Sekerez has subsequently filed a motion for relief from judgment, requesting reconsideration of the dismissal. [DE 22.]

## DISCUSSION

Fed. R. Civ. P. 60(b) allows relief from judgment based upon varied grounds including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008). Additionally, Rule 60(b) can be used "to correct manifest errors of law or fact." *Hicks*, 531 F.3d at 474 (quotation marks omitted). Relief under Rule 60(b), however, "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)). In reviewing decisions to deny relief under Rule 60(b), the Seventh Circuit applies an extremely deferential abuse of discretion standard. *Eskridge v. Cook County*, 577 F.3d 806, 808 (7th Cir. 2009) (quoting *Easley v. Kirmsee,* 382 F.3d 693, 697 (7th Cir. 2004). "A district court abuses its discretion only when 'no reasonable person could agree' with the decision to deny relief." *Id*. at 809 (quoting *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000).

The *Rooker-Feldman* doctrine bars a federal court from overturning an adverse state court judgment. *Exxon Mobil Corp.,* 544 U.S. at 284. The United States Supreme Court explained that

federal courts lacked the requisite appellate authority to review state court judgments. *Id*. Because Sekerez's action here sought the review and reversal of the state court's judgment confirming the arbitration award against her, I dismissed the case under *Rooker-Feldman*, finding that I lacked subject matter jurisdiction. [DE-22.] Now Sekerez seeks relief from that decision. But Sekerez does not provide evidence of mistake, newly discovered evidence, fraud, or exceptional circumstances impacting the *Rooker-Feldman* analysis, as would be necessary for relief under Rule 60(b).

Instead, Sekerez's motion asserts that during the arbitration, and in front of this court, Grund has misrepresented the facts of the parties' underlying dispute (such as whether or not Grund agreed to accept a substantially reduced legal fee) and the details surrounding Sekerez's conduct before the Illinois courts and with respect to the arbitration (such as whether Sekerez did not cooperate in the selection of an arbitrator). [DE 26 at 6, 9, 10.] Because these things are not pertinent to the *Rooker-Feldman* analysis that was the basis for the dismissal, they don't provide grounds for reconsideration of my previous ruling. Based on these alleged misrepresentations, Sekerez contends that she has been defamed [DE 26 at 1, 2] and requests that I "initiate a grievance proceeding" against the defendants for material misrepresentations and perpetration of fraud on the court [*id*. at 10]. Defamation claims and attorney grievance proceedings are not proper objects of a Rule 60(b) motion.[1]

Sekerez also reiterates an argument from her original Motion to Vacate that the Illinois court was without jurisdiction to entertain and grant Grund's Motion to Confirm the arbitration award. [DE 26 at 8-9; DE 1 at 7.] But a motion Rule 60(b) "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus. Inc.*, 90 F.3d 1264, 1270 (7th Cir.

---

[1] To the extent Sekerez seeks correction of factual "errors" contained in my earlier ruling, the text she quotes itself demonstrates that I merely related what "Sekerez claims" and what "Grund & Leavitt says to the contrary." [DE 26 at 2; DE 22 at 1.] These were accurate statements of the parties' assertions, and not affirmative factual statements by me subject to "correction."

1996). In any event, I did not reach that argument originally, and can't do so now, where I am convinced that under *Rooker-Feldman* I do not have jurisdiction to entertain Sekerez's motion.

Upon review, I find that my dismissal order properly determined that the *Rooker-Feldman* doctrine applies and there is no subject matter jurisdiction in the Northern District of Indiana over Darlene Sekerez's Motion to Vacate an arbitration award that has previously been confirmed by a final decision of the Circuit Court of Cook County, Illinois. Accordingly, I affirm my decision dismissing this case for lack of subject matter jurisdiction and must deny Sekerez's motion for relief from that judgment.

**ACCORDINGLY:**

Plaintiff Darlene Sekerez's Motion for Relief from Judgment under Rule 60(b) [DE 26] is **DENIED**.

**SO ORDERED**.

**ENTERED**: April 24, 2013.

/s Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT